

**SO ORDERED.**

**SIGNED this 17 day of May, 2006.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **JOSEPH FRANK LELI JR.** | 04-04172-5-ATS |
| DEBTOR | |

### ORDER ALLOWING MOTION TO APPROVE COMPROMISE

The matter before the court is the trustee's motion to approve compromise. A hearing took place in Raleigh, North Carolina on May 17, 2006.

Joseph Frank Leli Jr. filed a petition for relief under chapter 7 of the Bankruptcy Code on November 16, 2004, and Holmes P. Harden was appointed trustee. On June 21, 2005, Mr. Harden filed, pursuant to 11 U.S.C. § 727(a), an adversary proceeding objecting to Mr. Leli's discharge due to Mr. Leli's failure to schedule or disclose to the trustee a consigned engagement ring or the proceeds thereof. <u>Harden v. Leli (In re Leli)</u>, Adv. Pro. No. S-05-00114-5-AP. Mr. Leli and the trustee have agreed to settle the adversary proceeding for a payment of $7,762.66 (consisting of the $3,500 proceeds from the sale of the ring,

the attorney's fees and costs incurred by the estate, and an additional $2,500) and a waiver of claims against the estate. The trustee contends that the settlement is in the best interest of the estate due to the likely cost of litigation and the uncertainty of the ability to prove fraudulent intent.

Sally Ferguson, the former spouse of the debtor, filed an objection to the motion to compromise. Ms. Ferguson contends that she and Mr. Leli are the parties to a divorce settlement that requires Mr. Leli to pay certain joint debts, and that a discharge will create a financial hardship on Ms. Ferguson and her family. Though her proof of claim identifies the debt as a priority "domestic support obligation,"[1] Ms. Ferguson advised the court at the hearing that the debt is not for alimony or support, but is for credit card debt used for the business and for taxes.

Based on Ms. Ferguson's statement that the debt is not in the nature of support, it could only be excepted from discharge if Ms. Ferguson filed, pursuant to 11 U.S.C. § 523(a)(15), an adversary

---

[1] The term "domestic support obligation" was added to the Bankruptcy Code with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and generally includes debts in the nature of alimony, maintenance or support. 11 U.S.C. § 101(14A) (2005). Under BAPCPA, domestic support obligations are paid first in priority. 11 U.S.C. § 507(a)(1) (2005). Because this case was filed prior to October 17, 2005, the effective date of BAPCPA, those provisions do not apply, and claims for alimony, maintenance or support would receive only a seventh priority claim, behind administrative expenses. 11 U.S.C. § 507(a)(7) (1994). The nature and priority of Ms. Ferguson's claim is not presently before the court.

proceeding to determine the dischargeability of the debt.  See 11 U.S.C. § 523(c)(1).[2]  The deadline for filing a complaint to determine the dischargeability of a debt expired on February 18, 2005.  See Notice of Chapter 7 Bankruptcy Case (November 16, 2004).  Though Ms. Ferguson stated that she was not aware of this deadline, she admits that she received notice of the bankruptcy case.  The court does not have the discretion to extend this deadline, and the debt to Ms. Ferguson cannot be excepted from discharge.  As a result, Ms. Ferguson's debt will be discharged unless Mr. Leli's discharge is denied in its entirety pursuant to the trustee's adversary proceeding.

The trustee and the debtor wish to compromise the adversary proceeding objecting to Mr. Leli's discharge.  The trustee acknowledges that it may be difficult to prove fraudulent intent, and that the costs of litigation might outweigh any benefit to the estate.  The settlement pays to the estate the value of the undisclosed asset, reimburses all costs of litigation expended thus far, and pays and additional $2,500 to the estate.  Prior to the discovery of this asset, the case appeared to be a no-asset case.  Should the litigation go forward and the trustee prevail, the costs of litigation might still exceed any recovery for the estate, and would be paid ahead of Ms. Ferguson's

---

[2] Again, the result would be different had this case been filed after the effective date of BAPCPA, which makes all debts incurred in the connection with a separation agreement or divorce decree (not just those in the nature of support) nondischargeable, without the need for an adversary proceeding.  11 U.S.C. §§ 523(a)(15), (c)(1) (2005).

claim. The debts would not be discharged, but that does not guarantee recovery for Ms. Ferguson or any other creditor. The trustee does not believe that this is an egregious case of hiding assets, and he maintains that the settlement is in the best interest of the estate.

It is well established that bankruptcy courts may, in the exercise of sound discretion, approve a settlement between a debtor and a trustee. The settlement must be fair, equitable, reasonable under the circumstances, and in the best interest of the estate as a whole. 10 Collier on Bankruptcy ¶ 9019.02 (15th ed. rev. 2005). The trustee is responsible for maximizing the value to the estate, and absent a showing that a settlement should not be approved, the court generally gives great deference to the trustee's recommendation. Mr. Harden is an experienced trustee who believes in his business judgment that this compromise is in the best interest of the estate, and the court agrees.

Based on the foregoing, the motion to approve compromise is **ALLOWED** and the adversary proceeding will be dismissed.

**SO ORDERED**.

**END OF DOCUMENT**